KOLKA v. ATLAS CHEMICAL INDUSTRIES.

1. CONTRACTS—EMPLOYEE—SEPARATION PAY—CONSIDERATION—SUM-
MARY JUDGMENT.
  Summary judgment for defendant was proper where plaintiff's
  allegations in action against former employer that he remained
  on inactive payroll under a disability leave of absence at time
  of plant closing were insufficient to establish consideration. nec-
  essary to bind company under offer of separation pay extended
  to employees when plant was closed since plaintiff in no way
  gave up the exercise of any legal right (GCR 1963, 117.2).

2. JUDGMENT—SUMMARY JUDGMENT—GENUINE ISSUE OF MATERIAL
FACT—EMPLOYMENT—DATE OF TERMINATION.
  Summary judgment for defendant employer on issue of whether
  plaintiff former employee was qualified for disability pension
  requiring 15 years of service was improper where a dispute
  remained over material fact of date of termination of plain-
  tiff's employment (GCR 1963, 117.2).

Appeal from Houghton, Condon (Stephen D.), J.
Submitted Division 3 October 1, 1968, at Marquette.
(Docket No. 4,475.)   Decided October 21, 1968.
Leave to appeal denied February 19, 1969.  381 Mich
803.

Complaint by Leo J. Kolka against Atlas Chemi-
cal Industries, a foreign corporation, for benefits
due under disability pension and for separation pay.
Summary judgment for defendant on both counts.
Plaintiff appeals.  Affirmed as to count for separa-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleading § 340 et seq.

tion pay but reversed and remanded as to plaintiff's right to disability benefits.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Messner & LaBine,* for defendant.

Per Curiam. Leo J. Kolka sued his employer, defendant herein, on two counts. Count I claimed a right to disability pension provided to eligible employees who had 15 years of service; count II claimed a right to separation pay which, though not part of the union contract, was made available by the company in December, 1960, when the plant was closed.

Defendant's motion for summary judgment, GCR 1963, 117.2, on both counts was granted. Plaintiff appeals.

The lower court held, as to the second count, that plaintiff furnished no consideration for defendant's offer of termination payment and therefore, as a matter of law, no binding contract between the parties existed to make such payment mandatory.

An offer of separation pay, to be accepted by an employee, requires the giving up of or forbearance to exercise some legal right. It was undisputed that plaintiff here had furnished no active service to the company since May, 1959. Therefore, unlike the employees in *Cain* v. *Allen Electric & Equipment Company* (1956), 346 Mich 568, he was in no position to comply with or give consideration for an offer of termination pay. Plaintiff's allegations in this regard, that he remained on the inactive payroll under a disability leave of absence, taken as true and viewed most favorably in his behalf, are insufficient facts to establish the consideration necessary to bind the company under its offer for termination pay. Summary judgment, as to this count, was proper.

As to count I, however, the termination of plaintiff's employment was a highly disputed fact which could not be disposed of by way of summary judgment. The court, in granting the motion for summary judgment, stated:

"The court finds from the affidavits, together with the pleadings, depositions and documentary evidence filed and submitted by the parties, that plaintiff fails to state a claim upon which relief can be granted. Specifically, it appears that plaintiff does not have 15 years of continuous service in the employ of the defendant."

It is improper to make such a finding on a motion for summary judgment where there exists a genuine issue of material fact. The matter as to count I is reversed and a trial of the issue ordered.

T. G. KAVANAGH, P. J., and McGREGOR and PHILIP C. ELLIOTT, JJ., concurred.